IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JANE DOE, as parent, natural guardian
and next friend of JOHN DOE,

            Plaintiff,

v.                                                  CIVIL ACTION NO.   3:21-0031

CABELL COUNTY BOARD OF EDUCATION and
JASON CURRY,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Cabell County Board of Education's and Defendant Jason Curry's Motions to Dismiss (ECF Nos. 15, 24), and Plaintiff's Motion to Amend (ECF No. 33). For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Amend and **DENIES AS MOOT** Defendants' Motions to Dismiss.

**I. BACKGROUND**

Plaintiff Jane Doe filed a complaint on January 14, 2021, on behalf of her minor son, John Doe. She alleged that her son, a severe special needs middle schooler at a Cabell County School, was inappropriately touched by his teacher's aide, Mr. Curry, on two separate occasions. The first incident occurred on October 15, 2019 and was not documented by school personnel or reported to the victim's parents. After a special needs teacher witnessed the second assault on the victim on November 22, 2019, she reported it to school authorities. The school principal then reported the incident to the Cabell County Sheriff's Department. In a meeting on the same day, the principal advised the victim's parents of the second incident and mentioned in passing that he had

previously advised Mr. Curry not to let John Doe sit on his lap. On November 22, 2019, school personnel also prepared an incident report which discussed the October assault, but the details of this first assault were not shared with the victims' parents. It was only after the state prosecutor filed a criminal charge against Mr. Curry that the victim's parents learned (from the prosecutor) of the first October incident, even though Defendants are allegedly mandatory reporters of child sexual abuse.

Plaintiff filed a complaint alleging the following causes of action against Mr. Curry and the Cabell County Board of Education ("CCBE"): Count I, Violation of 42 U.S.C. 1983; Count II, State Constitutional Tort; Count III, Negligence; Count IV, Tort of Outrage/Reckless Infliction of Emotional Distress; Count V, Disability Discrimination in Violation of West Virginia Human Rights Act; Count VI, Disability Discrimination in Violation of Americans with Disabilities Act; Count VII, Violation of the Rehabilitation Act; Count VIII, Civil Assault; and Count IX, Civil Battery. Defendant CCBE filed a motion to dismiss all claims except for Count III. Defendant Curry filed a motion to dismiss Counts III, IV, V, VI, and VII in their entirety and Counts I and II in part for failure to state a claim.

On August 3, 2021, Plaintiff filed a Motion to Amend. ECF No. 33. On August 17, 2021, Defendant CCBE filed a response, alleging that all amendments were futile and must be denied and that amendment to Count I was also prejudicial. ECF. No. 36.

## II. DISCUSSION

No Scheduling Order has been entered in this matter. Consequently, the Court looks to Rule 15 of the Federal Rules of Civil Procedure to resolve Plaintiff's Motion to Amend. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and directs courts to "freely give leave when

justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, the "law is well settled that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (internal quotations omitted) (emphasis in original).

In this case, the Court sees no indication of bad faith on Plaintiff's part. The proposed amendments are not obviously futile, either—in fact, they significantly clarify many of the issues implicated by this case. Nor will the proposed Amended Complaint prejudice Defendants as this action moves forward because it merely adds an additional theory of recovery to facts already pled and has been offered before a significant amount of discovery has occurred. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

The Court accordingly **GRANTS** Plaintiff's Motion to Amend. ECF No. 33. The Amended Complaint, ECF No. 33-1, therefore, replaces the original Complaint, ECF No. 1, and renders it a nullity. *See Fawzy v. Wauquiez Boats SNC*, 973 F.3d 451, 453 (4th Cir. 2017). Insofar as "motions directed at superseded pleadings are to be denied as moot," *Skibbe v. Accredited Home Lenders, Inc.*, No. 2:08-cv-01393, 2014 WL 2117088, at *3 (S.D.W. Va. May 21, 2014), Defendants' Motions to Dismiss are accordingly **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 6, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE