IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JANE DOE and J. DOE, as parents, natural
Guardians, and next friends of JOHN DOE,**

    **Plaintiffs,**

v.                                                                            Case No. 3:21-cv-00031

**CABELL COUNTY BOARD OF EDUCATION
and JASON CURRY,**

       **Defendants**

## MEMORANDUM OPINION and ORDER

Pending is Defendant Cabell County Board of Education's Motion to Compel and Integrated Memorandum of Law in Support Thereof, (ECF No. 67). For the reasons that follow, the Court **GRANTS**, in part, and **DENIES**, in part, the motion.

**I.     Relevant Facts and Procedural History**

Plaintiffs allege that Defendant Jason Curry, a special needs aide employed by Defendant Cabell County Board of Education ("CCBOE"), touched John Doe in a "profoundly inappropriate manner" and forcibly fondled him on October 15 and November 22, 2019, respectfully. (ECF No. 45 at 1-4). They assert nine causes of action against Defendants, including violations of 42 U.S.C. § 1983 and the West Virginia State Constitution; negligence; tort of outrage/reckless infliction of emotional distress; disability discrimination in violation of the West Virginia Human Rights Act and Americans with Disability Act; violation of the Rehab Act; civil assault and aiding and abetting civil assault; and civil battery and aiding and abetting civil battery. (*Id.* at 5-12).

1

Plaintiffs seek non-economic and punitive damages, as well as compensation for court costs and attorneys' fees. (*Id*. at 12).[1]

Presently pending is CCBOE's motion to compel Plaintiffs' response to the following discovery request:

> **Request for Production No. 14:** For each social media account maintained and/or used by John Doe's parents and/or guardians, please produce the account data for the period of January 1, 2019, through the present including, but not limited to, color copies of all photographs, videos, applications, postings, wall postings and comments, messages, friend lists, comments, tweets, etc. This Request applies to Twitter, Instagram, and Facebook, as well as any other biogs, commentary sites, webpages, or message boards on which Plaintiff participates. With respect to Facebook accounts, you may download and print your Facebook data by logging onto your Facebook account, selecting "Account Settings," clicking "Download a copy of your Facebook data," and following the instructions thereafter.
>
> **Response:** [Redacted] (J. Doe) has no such social media accounts. [Redacted] (Jane Doe) has Facebook and Instagram accounts. [Redacted] is "friends" with various CCBOE employees on these platforms and presumably Defendant CCBOE has access to her accounts in that capacity.
>
> **Supplemental Response:** As indicated in the original response, John Doe's father does not have any social media accounts. A number of courts addressing similar requests have determined that these seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence. Such requests must be "strictly construed" in order to seek relevant information or else fail to comply with the Rules of Civil Procedure. *In re: Cook Medical Inc., IVC Filters Marketing, Sales Practices and Products Liability Investigation,* 2017 WL 4099209 (S.D. Ind. 2017). The Indiana court further found that requests for public Facebook information require no response, as they seek information available to both parties. *Id.*
>
> Other courts have determined that discovery of non-public social media information is only available when the defendant makes a threshold showing that publicly available information on Facebook undermines the Plaintiff's claims. *Potts* v. *Dollar Tree Stores, Inc.,* 2013 WL 1176504 (M. D. Tenn. 2013) (citing *Thompson* v. *Autoliv ASP, Inc.,* 2012 WL 2342928, *4 (D. Nev. 2012))

---

[1] Plaintiffs additionally sought non-economic damages, but they stated that they intend to "waive" and not pursue recovery of those damages. (ECF No. 77 at 3); *see* (ECF No. 81 at 3-4).

The Eastern District of Michigan has elaborated on and summarized the law in additional jurisdictions, stating:

[M]aterial posted on a 'private Facebook page, that is accessible to a selected group of recipients but not available for viewing by the general public, is generally not privileged, nor is it protected by common law or civil law notions of privacy. Nevertheless, the Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view. Rather, consistent with Rule 26(b) . . . [and decisional law'] . . . there must be a threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence. Otherwise, the Defendant would be allowed to engaged [sic] in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiffs [sic] Facebook account.

*Tompkins* v. *Detroit Metro. Airport,* 278 F.R.D. 387, 388 (E.D. Mich. 2012); *see also McCann* v. *Harleysville Ins. Co. of N.Y.* , 78 A.D.3d 1524, 1525, 910 N.Y.S.2d 61 (N.Y. App. Div. 2010) (holding that Defendant failed to establish a factual predicate with respect to the relevancy of the evidence on the Facebook page and that Defendant essentially sought permission to conduct a *fishing expedition); McCann* v. *Harleysville Ins. Co. of New York,* 78 A.D.3d 1524. 910 N.Y.S.2d 614 (N. Y. App. Div. 2010) (upholding the denial of a motion to compel on the basis that the defendant failed to establish a factual predicate with respect to relevancy and "essentially sought permission to conduct *'a fishing expedition'* into plaintiff's Facebook account based on the mere hope of finding relevant evidence.").

Courts have also rejected such requests on the basis that they are not drafted narrowly and with reasonable particularity. The United States District Court for the Middle District of Florida has established that "Defendant does not have a generalized right to rummage at will through information that Plaintiff has limited from public view. Plaintiff need not produce all devices from which she accesses social media or email." *Davenport* v. *State Farm Mut. Auto. Ins. Co.,* 2012 WL 555759 (M.D. Fla. 2012). In the same vein, the Northern District of Illinois has stated that a defendant must narrow the substance of their request to the issues in litigation, as courts "are reluctant to compel an all-encompassing social media request." *Ye* v. *Cliff Veissman, Inc.,* 2016 WL 950948 (2016) (N .D. Ill. 2016). Even where emotional state is in issue, a defendant must narrowly restrict social media requests to content that is relevant to a claim or defense in the case. *Id.* The Central District of California concurred relying on the language of Rule 34 of the *Federal Rules of Civil Procedure. Mailhoit* v. *Home Depot U.S.A., Inc.,* 285 F.R.D. 566 (C.D. Cal. 2012) (discovery requests for social networking site content must be reasonably calculated to lead to the discovery of admissible evidence and describe the information to be produced with "reasonable particularity.").

3

> The requests addressed in the foregoing cases are of the same nature, or were narrower, than the requests you have propounded. Your request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

(ECF Nos. 67 at 4; 67-5 at 3, 6; 67-7 at 4-6).

Plaintiffs argue in response to the motion to compel that Request for Production No. 14 solicits information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. (ECF No. 77 at 5). Plaintiffs argue that the request is so broadly drafted that it amounts to a "fishing expedition." (*Id.* at 6). Nevertheless, Plaintiffs assert that they produced via supplemental response three posts from Jane Doe's Facebook account dated in 2021 that are potentially responsive to the discovery request. (*Id.* at 5-6).

In reply, Defendants contend that Plaintiffs did not timely object to the discovery request within 30 days of service, as required by Fed. R. Civ. P. 34. (ECF No. 81 at 4). Therefore, Defendants argue that Plaintiffs waived any objection to Request for Production No. 14. (*Id.*) (citing L.R. Civ. P. 37.1(a)). Further, Defendants maintain that Jane Doe's social media data is relevant and discoverable for several reasons. First, Defendants assert that Plaintiffs placed John Doe's physical and emotional conditions at issue by alleging that their conduct caused him severe emotional distress and bodily harm, and they placed John Doe's physical and mental capabilities at issue by alleging that he is severely disabled and was discriminated against because of that disability. (ECF No. 81 at 5). Defendants argue that they are entitled to information that could relate to John Doe's alleged injuries, as well as other life stressors that possibly accounted for the emotional distress claimed in this action. (*Id.*).

Second, Defendants assert that the information sought in Request for Production No. 14 is discoverable because publicly-available content on Jane Doe's Facebook page

4

undermines Plaintiffs' claims that John Doe is severely disabled and suffered significant harm from the alleged October and November 2019 incidents. (*Id.* at 6). Defendants argue that photographs or other posts on social networking websites that reflect capabilities inconsistent with Plaintiffs' claimed injuries are relevant to their defenses in this action. (*Id.*). For example, Defendants referenced and attached copies of purported publicly-available content from Jane Doe's Facebook account in 2021 that portrayed John Doe jumping into a swimming pool, climbing out of the swimming pool smiling, and winning grand champion of a lamb project at the county fair. (*Id.*).

Third, Defendants maintain that the Court should compel production of Jane Doe's Facebook data because it "speaks for John Doe." (*Id.* at 7). They note that Plaintiffs allege that John Doe is unable to communicate due to his disability, and he cannot be deposed. (*Id.*). Therefore, because that avenue of gathering evidence is precluded, Defendants assert that Jane Doe's social media data is likely to lead to the discovery of admissible evidence regarding the alleged severe emotional distress and bodily harm that John Doe suffered. (*Id.*).

## II. Discussion

Unless otherwise limited by Court order, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under the 2015 amendments to Rule 26(b)(1), "[t]he question is no longer whether the discovery sought is 'reasonably calculated to lead to the discovery of admissible evidence;'

rather, the inquiry is whether the discovery is 'relevant to any party's claim or defense and proportional to the needs of the case.'" *BrickStreet Mut. Ins. Co. v. Chartis Cas. Co.*, No. 5:19-CV-00212, 2020 WL 1965580, at *3 (S.D.W. Va. Apr. 23, 2020).

Social media content is not generally privileged or protected by any privacy right, even when designated as non-public. *Gaske v. Crabcake Factory Seafood House, LLC*, No. 1:18-CV-02630-JMC, 2021 WL 3188007, at *6 (D. Md. July 28, 2021); *Tucker v. Momentive Performance Materials USA, Inc.*, No. 2:13-CV-04480, 2016 WL 8252929, at *6 (S.D.W. Va. Nov. 23, 2016). However, discovery requests seeking social media data "must be relevant to a claim or defense, proportional to the needs of the case, and not unreasonably cumulative, duplicative, or designed to embarrass or harass." *Gaske*, 2021 WL 3188007, at *7; *see* Fed. R. Civ. P. 26(b) and (g). Courts do not typically "endorse an extremely broad request for all social media site content" because "ordering a party to permit access to or produce complete copies of his [or her] social networking site accounts […] would permit his [or her] opponent to cast too wide a net and sanction an inquiry into scores of quasi-personal information that would be irrelevant and non-discoverable." *Tucker*, 2016 WL 8252929, at *6 (citations omitted).

Specifically, regarding requests for production of documents, Fed. R. Civ. P. 34 "requires the requesting party to describe the items to be produced with 'reasonable particularity,' such that the responding party is under reasonable notice as to what is, or is not, called for in its response." *Gaske*, 2021 WL 3188007, at *7; *see* Fed. R. Civ. P. 34(b)(1)(A). Broad production requests, such as those seeking all social media content and data, fail the "reasonable particularity" test and are disfavored. *Id.*

Consequently, as to Defendants' waiver argument, the Court is not persuaded. While Defendants are correct that Fed. R. Civ. P. 34 requires the filing of objections within

6

thirty days, Defendants' discovery request is so broad on its face that, if an answer is compelled, Plaintiffs would be required to produce pages of irrelevant information that potentially could number in the hundreds or thousands. Notwithstanding any waiver, such an inefficient use of discovery would not be in the parties' interests and would be inconsistent with the goals of this Court in managing discovery.

With respect to the substance of the request, Plaintiffs allege that John Doe was discriminated against due to his disability and suffered severe bodily harm and emotional distress as a result of Defendants' actions. (ECF No. 45 at 3, 9). Therefore, some of Jane Doe's social media data pertaining to her minor son, John Doe, may certainly be relevant to the claims or defenses in this action. *See, e.g., Gaske*, 2021 WL 3188007, at *7 (indicating that social media posts are more relevant to severe and specific emotional distress claims, as opposed to "garden variety" emotional distress claims). Nonetheless, as Fed. R. Civ. P. 26(b)(1) clearly instructs, the Court must balance relevancy against the proportional needs of the case. Given those considerations, and applying the Court's substantial discretion in managing discovery, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995), the Court **GRANTS**, in part, and **DENIES**, in part, Defendants' motion to compel, (ECF No. 67).

The discovery request, as propounded, is overly broad and not proportional to the needs of the case. Therefore, while the Court agrees that Plaintiffs should produce some social media data, it narrows the parameters as follows. The Court **ORDERS** Plaintiffs to produce within **seven (7) days** of the date of this Order data from Jane Doe's Facebook and Instagram accounts which references or depicts John Doe, or relates to the claims, defenses, and damages alleged in this case for the period of January 1, 2019 to the present.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to counsel of record.

ENTERED: January 31, 2022

Cheryl A. Eifert
United States Magistrate Judge