IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JANE DOE and J. DOE,
as parent, natural guardians
and next friends of JOHN DOE,

                Plaintiffs,

v.                              CIVIL ACTION NO.   3:21-0031

CABELL COUNTY BOARD OF EDUCATION and
JASON CURRY,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Jason Curry's Motion to Compel Plaintiffs' Supplemental Rule 26(a)(2) Disclosures (ECF No. 130) and Defendant Cabell County Board of Education's ("the Board of Education") Notice of Joinder in that Motion (ECF No. 132). For the following reasons, the Court **GRANTS** both Motions.

Defendant Jason Curry has moved to compel Plaintiffs Jane and John Doe, as parents, natural guardians, and next friends of John Doe, to provide supplemental Rule 26(a)(2)(C) disclosures concerning the facts and expert opinions which may be expressed by Plaintiffs' treating physician, Dr. Kristina Melvin-Bryant. Dr. Melvin-Bryant was identified as an expert witness in disclosures provided by Plaintiff pursuant to Fed. R. Civ. P. 26(a)(2). ECF No. 130-1. This disclosure gave only her name and status as a treating physician. *Id*. Defendants requested that Plaintiffs provide a professional address for Dr. Melvin-Bryant, the subject matter on which she is expected to present evidence, and a summary of the facts and opinions she plans to testify

on, pursuant to Rule 26(a)(2)(C). ECF No. 130-2. In response, Plaintiffs provided Dr. Melvin-Bryant's professional address, but gave only a vague statement concerning the subject matter she is expected to testify on. ECF No. 130-3. Finding this insufficient, Mr. Curry filed the instant Motion to Compel, and was then joined in that Motion by the Board of Education.

Federal Rule of Civil Procedure 26(a)(2) contemplates two types of expert witnesses—those required to provide a written report, and those that need not provide a written report. Under Rule 26(a)(2)(B), retained experts must prepare and provide a detailed written report concerning their expected testimony. Such witnesses are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Alternatively, Rule 26(a)(2)(C) applies to expert witnesses who are not retained and requires them only to provide "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Rule 26(a)(2)(C) was added to the Rules in 2010, to mandate summary disclosures of expert witnesses who are not required to provide expert reports. Fed. R. Civ. P. 26, Advisory Committee Note to 2010 Amendment; s*ee also City of Huntington v. AmerisourceBergen Drug Corp.*, 2021 WL 933867 at *1 (S.D.W. Va. 2021) (discussing the addition of 26(a)(2)(C)). Treating physicians generally fall into this second category of expert witness, sometimes referred to as "hybrid witnesses." *See, e.g.*, *Mayo v. City of Huntington*, 2022 WL 1298742 at *1-2 (S.D.W. Va. April 29, 2022) (citing *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500 (D. Md. 1997))) (holding that treating physicians are ordinarily not retained to provide opinions, and therefore need not file written reports under Rule 26(a)(2)(B)).

Plaintiffs argue that, pursuant to United States District Court of West Virginia Local Rule 26.1(b)(3), they need not provide the disclosures requested. Pls.' Resp. to Def. Jason Curry's Mot. to Compel Pls.' Supp. Rule 26(a)(2) Disclosures, ECF No. 134 at 1-2. In further support of their argument, Plaintiffs cite to this Court's decision in *Courtney v. BFS Retail & Commercial Operations, LLC*, which reiterates that parties need not provide disclosures under Rule 26(a)(2)(B) pursuant to Local Rule 26.1. 2008 WL 2787718 (S.D.W. Va. Jul 16, 2008). Plaintiffs are correct that Local Rule 26.1(b)(3) states that treating physicians are not required to provide the disclosures required in Federal Rule of Civil Procedure 26(a)(2)(B), i.e., a written expert report. *See also* Def. Jason Curry's Mot. to Compel Pls.' Supp. Rule 26(a)(2) Disclosures ¶ 4 (conceding Dr. Melvin-Bryant was not required to provide an expert witness report). As discussed above, this accords with courts' usual categorization of treating physicians. *Mayo*, 2022 WL 1298742 at *1; *see also Jamison v. Amonette*, 2022 WL 326095, at *4 (W.D. Va. Feb. 3, 2022); *Fantauzzo v. Sperry*, 2021 WL 5236490, at *5 (E.D. Va. Nov. 10, 2021); *Beard v. Town of Topsail Beach*, 2020 WL 1539924, at * 5 (E.D.N.C. Mar. 31, 2020). The Local Rule does not, however, refer to Rule 16(a)(2)(C), nor does it exempt treating physicians from the strictures of those more circumscribed disclosure requirements: "even when a treating physician is not required to produce a written report, the party offering the physician as a witness must fully comply with Rule 26(a)(2)(C)." *Mayo*, 2022 WL 1298742 at *2. Furthermore, the cited decision in *Courtney* concerned Rule 26(a)(2)(B)—not (a)(2)(C)—and was decided prior to the 2010 addition of (a)(2)(C) to the Rules. 2008 WL 2787718.

Therefore, Plaintiffs are required to disclose (i) the subject matter on which Dr. Melvin-Bryant is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the Dr. Melvin-Bryant is expected to testify,

as a treating physician, pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). The Court **GRANTS** the Defendants' Motions, ECF Nos. 130 & 132, and requires Plaintiffs to supplement their Rule 26(a)(2) disclosures accordingly by **November 15, 2022.** Defendants will have until **December 15, 2022** to amend their expert reports in response, if necessary.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   October 20, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE